```
RUN DATE: 10/05/2015 Bexar County Centralized Docket System Pg: 1  PGM: DKB4900P
RUN TIME: 14:02:35                                                 JCL: SPPROD
_____
```

# \* DOCKET INFORMATION \*

**CAUSE NUM:** 2015CI16814

**DATE FILED:** 10/05/2015        **COURT:** 438        **UNPAID BALANCE:**    0.00

**TYPE OF DOCKET:** ANTITRUST/UNFAIR COM

### \* \* \* S T Y L E \* \* \*

    XENEX DISINFECTION SERVICES LLC
        VS TRU-D SMARTUVC LLC

**ACCOUNT TYPE:**              **ACCOUNT NO:**
**ACCESS:** 0                  **STATUS:** PENDING
**LIST TYPE:** C

### \* LITIGANT INFORMATION \*

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | XENEX DISINFECTION SERVICES LLC | PLAINTIFF | 10/05/2015 |
|  |  | 00001 SCRAFFORD, J BRUCE |  |
| 00002 | TRU-D SMARTUVC LLC | DEFENDANT | 10/05/2015 |

### \* SERVICES INFORMATION \*

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|

### \* ATTORNEY INFORMATION \*

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 10/05/2015 | 17931100 | SCRAFFORD, J BRUCE | SELECTED | 10/05/2015 |

### \* PROCEEDING INFORMATION \*

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|---|---|---|---|---|
| 00001 | 10/05/2015 | 0000 | 0000 | 0000 |
|  | DESC: PETITION |  |  |  |
| 00002 | 10/05/2015 | 0000 | 0000 | 0000 |
|  | DESC: SERVICE ASSIGNED TO CLERK 1 |  |  |  |

### \* TRIAL INFORMATION \*

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|---|---|---|---|---|---|

### \* ORDER INFORMATION \*

| SEQ | DATE FILED | JUDGE NAME | VOLUME | PAGE | PAGE CNT | AMOUNT | SOF |
|---|---|---|---|---|---|---|---|

### \* BOND INFORMATION \*

| SEQ | DATE FILED | PRINCIPAL |
|---|---|---|

EXHIBIT 1

FILED
10/5/2015 9:53:41 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

CIT PPS SAC1

CAUSE NO. __2015CI16814__

| | | |
|---|---|---|
| **XENEX DISINFECTION SERVICES LLC,** § § § *Plaintiff* § § v. § § § **TRU-D SMARTUVC, LLC,** § *Defendant.* § | | IN THE DISTRICT COURT<br><br>**438TH**<br>___ JUDICIAL DISTRICT<br><br><br><br>BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff XENEX DISINFECTION SERVICES LLC, for cause of action against Defendant TRU-D SMARTUVC, LLC alleges as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.  Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 2.

**II.**
**PARTIES**

2.  Plaintiff XENEX DISINFECTION SERVICES LLC ("Xenex") is a Texas limited liability company.

3.  Defendant TRU-D SMARTUVC, LLC is a Tennessee limited liability company with a principal business address of 743 S. Dudley Street, Memphis, TN 38104-6006, that may be served via its registered agent for service of process, Charles E. Dunn, Jr., at the same address.

1

## III.
## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Defendant, and the amount in controversy in this matter exceeds the minimum jurisdictional limits of this Court. Defendant markets its product for sale in Texas, and this cause of action arises in part from such marketing.

5.  Venue is proper in Bexar County pursuant to §15.002(1) and/or 15.002(4) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County and/or Plaintiff resided in Bexar County at the time its cause of action accrued, and Defendant does not reside in Texas or maintain a principal office in Texas.

## IV.
## FACTS IN SUPPORT OF ALL CLAIMS

6.  Xenex is engaged in interstate commerce in the production and sale of proprietary ultraviolet hospital disinfection equipment. Defendant is a competitor engaged in interstate commerce in the sale of hospital disinfection equipment.

7.  Defendant has engaged in a pattern of unfair business practices and unfair competition against Xenex, which most recently included Defendant making false or misleading descriptions of fact and/or false or misleading representations of fact in connection with the commercial advertising or promotion of its goods, which misrepresented the nature, characteristics or qualities of both its product and of Xenex's product, services or commercial activities.

8.  Defendant has published, and is continuing to publish, the following false and/or misleading representations of fact about its product and Xenex's product:

   A.  Defendant is publishing and distributing a marketing brochure or advertisement which contains a graph labeled "Reduction of VRE" which reflects the

2

figure 99.9% for Defendant's device in comparison to a 38% for the Xenex device. A true and correct copy of the relevant page from such brochure or advertisement is attached as Exhibit 1.

B.  Defendant is publishing and distributing a marketing brochure or advertisement which states that "Tru-D is 6x more effective than pulsed xenon's 5 minute claim. Every high-touch surface in the room requires disinfection. Tru-D performs at 99.9% efficiency guaranteeing disinfection of all surfaces including shadowed areas within any room from a single placement." A true and correct copy of the relevant page from such brochure is attached as Exhibit 2.

9.  The above-described comparative graph showing a 99.9% reduction in VRE for Defendant's product and only a 38% reduction for the Xenex device constitutes a false and/or misleading representation of fact. Defendant deceptively compares the percentage reduction of <u>VRE colonies</u> on particular samples with respect to testing of its own product versus the percentage reduction of <u>samples</u> still containing some amount of live VRE with respect to testing of the Xenex product. This is a false and misleading comparison because the percentage of samples in which VRE is completely eliminated is an entirely different measure than the percentage reduction of VRE found on particular samples. For example if a device was tested and found to kill 75% of the VRE colonies on each sample tested then the device could be described as 75% effective in reducing the number of VRE colonies (the quantitative measure) but 0% effective in reducing the number of samples that still contained some live VRE colonies (the qualitative measure).

10.  Defendant's above-quoted statement about performing at "99.9% efficiency guaranteeing disinfection of all surfaces including shadowed areas" is also a false and/or

3

misleading representation of fact because the published data demonstrates that the average reported quantitative disinfection rate for Defendant's device is well below 99%, and on several surfaces the quantitative disinfection rate has been reported at or less than 90%. This includes results reported in the following published articles and studies:

    A.    Anderson DJ, Gergen MF, Smathers E, et al. Decontamination of targeted pathogens from patient rooms using automated ultraviolet-C-emitting device. *Infect Control Hosp Epidemiol.* 2013;34(5):466-471.

    B.    Rutala WA, Gergen MF, Weber DJ. Room decontamination with UV radiation. *Infect Control Hosp Epidemiol.* 2013;31(10):1025-1029.

    11.    Defendant's misrepresentation of its product's disinfection efficiency is made in the context of direct and misleading comparisons to Xenex's product.

### V.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

    12.    Xenex re-alleges and incorporates herein by reference its allegations in paragraphs 1-11 above.

    13.    Xenex is entitled to, and requests, a Temporary Restraining Order and Temporary Injunction that restrains Defendant from making additional false and/or misleading representations about its product and Xenex's Disinfection Device, including but not limited to representations that state or imply that 1) its device eliminates 99.9% of VRE in comparison to 38% for the Xenex device, 2) its device is 6x more effective than the Xenex device, or 3) its device performs at 99.9% efficiency, guaranteeing disinfection of all surfaces including shadowed areas. Xenex requests that the Temporary Restraining Order restrain such activities for a period of not more than 14 days. Following notice and a hearing, Xenex requests that a

4

Temporary Injunction be issued to restrain such activities until such time as the Court rules on Xenex's application for permanent injunction.

14. Defendant's conduct as described above constitutes an actionable violation of the Lanham Act pursuant to 15 U.S.C.A. §§ 1125(a)(1). Xenex is entitled to injunctive relief pursuant to 15 U.S.C.A. §1116 to restrain Defendant from such unlawful conduct.

15. Because Xenex and Defendant are competitors, harm is presumed from Defendant's false representations about Xenex's product, and no evidence of actual injury is required to support an application for temporary injunction under the Lanham Act. *See e.g.* McNeilab, Inc. v. American Home Products Corp., 848 F 2d 34, 38 (2nd Cir. 1988).

16. Xenex is willing to post a reasonable bond, and requests that the court fix a reasonable bond for the Temporary Restraining Order. Xenex further requests that the court set Plaintiff's Application for Temporary Injunction for hearing. Following the Temporary Injunction hearing, Xenex requests that the court fix a reasonable bond for the Temporary Injunction and set this matter for trial. Xenex is willing to post a reasonable bond for the Temporary Injunction.

17. Attached hereto as Exhibit 3 and incorporated herein by reference, is an affidavit verifying the facts supporting this Application for Temporary Restraining Order and Temporary Injunction. There is insufficient time to wait for the scheduling of a Temporary Injunction hearing before enjoining Defendant's conduct because Defendant's actions are likely to cause Xenex additional harm prior to the time of such Temporary Injunction hearing.

18. It is probable that Xenex will prevail on the merits because the actions described above constitute actionable violations of the Lanham Act.

19. If an injunction does not issue, Xenex will suffer irreparable injury for which not adequate remedy exists, and the continued dissemination of false, misleading and damaging representations about the effectiveness of Xenex's Device creates a probable, imminent, and irreparable injury that qualifies for injunction relief. Finally, Xenex asserts that injunctive relief is the proper remedy to maintain the status quo, pending a resolution of the case.

20. This requested relief is authorized pursuant to Section 65.011(1), (2), (3), and/or (5) of the Texas Civil Practice and Remedies Code and/or 15 U.S.C.A. § 1116.

## VI.
## APPLICATION FOR PERMANENT INJUNCTION

21. Xenex re-alleges and incorporates by reference paragraphs 1 – 20 above.

22. Pursuant to 15 U.S.C.A. § 1116 Xenex requests and is entitled to a permanent injunction restraining the same conduct that is the subject of Plaintiff's application for temporary injunction, and further requiring Defendant to advertise and/or send out retractions in order to correct its prior misrepresentations, and further requiring Defendant to file a verified report setting forth in detail the manner in which it has complied with the injunction, as provided by 15 U.S.C.A. § 116(a).

## VII.

## CLAIM FOR RECOVERY OF DEFENDANDANT'S ILLEGAL PROFITS AND STATUTORY AWARD

23. Xenex re-alleges and incorporates by reference paragraphs 1 – 22 above.

24. Pursuant to 15 U.S.C.A. § 1117, Xenex requests, and is entitled to recover, 1) any profits made by Defendant that resulted from its violation of the Lanham Act; 2) treble amounts authorized by 15 U.S.C.A. § 1117 and/or 3) an additional award damages authorized by 15

U.S.C.A. § 1117 in the event the Court determines that treble damages are inadequate according to the circumstances of the case.

## VIII.
## CLAIM FOR ATTORNEYS FEES

25. Xenex re-alleges and incorporates by reference paragraphs 1 – 24 above.

26. Xenex requests and is entitled to an award for costs and attorney's fees against Defendant because Defendant's misrepresentations and misleading statements were intentional or reckless and this constitutes an exceptional case pursuant to 15 U.S.C.A. § 1117.

## IX.
## PRAYER

Xenex asks that Defendant be cited to appear, and that the Court enter a judgment against Defendant awarding Xenex: (1) the temporary and permanent injunctive relief requested above; (2) statutory damages as described above; (3) costs; (4) reasonable and necessary attorneys' fees; and (5) all other relief the Court deems appropriate.
...

Case 5:15-cv-00864-RP   Document 1-1   Filed 10/05/15   Page 9 of 17

Respectfully submitted,

_____
**J. BRUCE SCRAFFORD**
State Bar No. 17931100
bscrafford@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

**ATTORNEYS FOR PLAINTIFF**

8

# Why Tru-D is the **Smart** Choice

## and your only thorough approach to disinfection.

**Tru-D eliminates 99.99% of Healthcare-Associated Infection (HAI) culprits in minutes** including Clostridium difficile (*C.diff*.), Methicillin-resistant Staphylococcus aureus (MRSA), Vancomycin-resistant Enterococci (VRE) and other pathogens that compromise patient outcomes, reducing the risk of transmitting infections via contaminated high-touch surfaces.

**Validated disinfection of all high-touch surfaces.**
Room configurations vary, SmartUVC adapts to those variabilities to ensure an effective UVC dose is delivered to all high touch surfaces including shadowed areas from a single placement.

Low Pressure Mercury Vapor lamps provide the most efficient delivery of UVC energy and are endorsed by the EPA and Department of Energy for use in the healthcare environment.

Tru-D seamlessly fits into housekeeping workflow and management of room turn over time.



**99.9%**

**38%**

**REDUCTION OF VRE**

\* "First UK trial of Xenex PX-UV room decontamination device," *Journal of Infection Prevention*, Beal, et al., 2014



**100%**

Confidence in Disinfection Outcomes



**99.9%**

Validated Reduction of *C. diff* Spores

**EXHIBIT 1**



# You did *what* in 5 minutes?

**3 LOG¹⁰**
C.*diff* Reduction
Total Room

**0.5 LOG¹⁰**
C.*diff* Reduction
4ft Radius Only

Tru-D is more effective than pulsed 5 minute claim.

Every high-touch surface in the room requires disinfection. Tru-D performs at 99.9% efficiency guaranteeing disinfection of all surfaces including shadowed areas within any room from a single placement.

"Evaluation of a Pulsed Xenon Ultraviolet Disinfection System for Reduction of Healthcare Associate Pathogens in Hospital Rooms," Infection Control & Hospital Epidemiology, Nerandzic, et al, 2015

**EXHIBIT 2**

**Tru D**    Tru-D.com    (800) 774-5799

CAUSE NO. _____

| | | |
|---|---|---|
| **XENEX DISINFECTION SERVICES LLC,** *Plaintiff* | § § § § | **IN THE DISTRICT COURT** |
| v. | § § § § | **____ JUDICIAL DISTRICT** |
| **TRU-D SMARTUVC, LLC,** *Defendant.* | § § § | **BEXAR COUNTY, TEXAS** |

### AFFIDAVIT OF MARK STIBICH

STATE OF TEXAS          §
COUNTY OF BEXAR    §

Before me, the undersigned notary, on this day, personally appeared Mark Stibich, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is Mark Stibich. I am over 21 years of age, am of sound mind and capable of making this Affidavit, and have never been convicted of a felony. The matters stated in this affidavit are true and correct and are within my personal knowledge.

2. I am the Chief Scientific Officer for Xenex. I hold a doctoral decree the Johns Hopkins University School of Public Health, a Masters in Health Science, also from Johns Hopkins, and a bachelor's degree from Yale University. I am a founder of Xenex and, as its Chief Science Officer, I oversee scientific research, product development, facility assessments, and protocol design.

3. I verify that the factual assertions contained paragraphs 6 through 11 in the attached Application For Temporary Restraining Order And Temporary Injunction are true and correct. I have personally reviewed and am familiar with the published studies cited in such paragraphs and am qualified by education and experience to interpret such studies and render an expert opinion based on the information contained therein.

Further affiant sayeth not.

_____
MARK STIBICH

THE STATE OF NEW MEXICO       §
COUNTY OF Santa Fe                       §

Sworn to and subscribed before me on by Mark Stibich on the __2__ day of October, 2015.

OFFICIAL SEAL
MARIANA PEREZ
NOTARY PUBLIC-State of New Mexico
My Commission Expires June 19, 2017

_____
Notary Public Signature

{W0667711.1}

# EXHIBIT 3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED Xenex Disinfection Services LLC v. Tru-D SmartUVC, LLC
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Bruce Scrafford
Email: bscrafford@abaustin.co
Address: 100 Congress Ave., #1300
Telephone: (512) 435-2300
City/State/Zip: Austin, Texas 78701
Fax: (512) 435-2360
Signature: /s/
State Bar No: 17931100

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Xenex Disinfection Services, LLC

Defendant(s)/Respondent(s): Tru-D SmartUVC, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- ☒ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | | | ☐ Support Order |
| ☐ Other Foreclosure | | **Related to Criminal Matters** | | |
| ☐ Franchise | | | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| | | ☐ Other: | ☐ Other: | ☐ Grandparent Access |
| | ☐ Other Injury or Damage: | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☒ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☒ Temporary Restraining Order/Injunction
- ☐ Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

CAUSE NO. 2015CI16814

| | | |
|---|---|---|
| **XENEX DISINFECTION SERVICES LLC,** §<br>*Plaintiff* § §<br>§<br>v. §<br>§<br>§<br>**TRU-D SMARTUVC, LLC,** §<br>*Defendant.* § | | **IN THE DISTRICT COURT**<br><br><br>**438TH JUDICIAL DISTRICT**<br><br><br><br>**BEXAR COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

On the \_\_\_\_\_ day of \_\_OCT - 5 2015\_\_, 2015, the court heard Plaintiff's application for temporary restraining order.

1. The court, after examining the pleadings and affidavits, finds:

    a. Plaintiff will probably prevail against Defendant;

    b. Harm is imminent and irreparable to Plaintiff because Plaintiff and Defendant are competitors and Defendant is making false and misleading statements about Plaintiff's product in order to promote Defendant's product. Under these circumstances, harm is presumed pursuant to the Lanham Act.

    c. There is an inadequate remedy at law in the event an injunction is not issued because damages caused by false and misleading statements disparaging the reputation of a company and its product are difficult to quantify and not readily compensated by an award of money damages; and

    d. An ex parte order is necessary without notice to Defendant because Defendant has already made and is continuing to publish false and misleading statements about Plaintiff's product, there is insufficient time to give notice to Defendant,

{W0667712.1}

hold a hearing, and issue a restraining order before additional harm occurs.

It is therefore ORDERED, ADJUDGED and DECREED as follows:

a. Defendant is enjoined to immediately cease publishing false and misleading statements about Plaintiff and its product, and in particular shall refrain from making or publishing ~~false and/or misleading~~ representations ~~about its product and Xenex's Disinfection device, including but not limited to representations~~ that state or imply that 1) its device eliminates 99.9% of VRE in comparison to 38% for the Xenex device, 2) its device is 6x more effective than the Xenex device, or 3) its device performs at 99.9% efficiency, guaranteeing disinfection of all surfaces including shadowed areas. Plaintiff requests that the Temporary Restraining Order restrain such activities for a period of not more than 14 days. Following notice and a hearing, Plaintiff requests that a Temporary Injunction be issued to restrain such activities until such time as the Court rules on Plaintiff's application for a permanent injunction.

b. The clerk is ordered to issue notice to Defendant that the hearing on Plaintiff's application for temporary injunction is set for _October 19_, 2015, at _9:00_ (a.m.)/p.m.

c. Bond is set for the issuance of the temporary restraining order in the amount of $_500_.

This Order shall remain in effect for 14 days from the date of signature unless extended pursuant to TEX. R. CIV. P. 680.

{W0667712.1}

This Order is binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

SIGNED this the __5__ day of __October__, 2015, at __2:31__ a.m./p.m.

_Gloria Saldaña_
PRESIDING JUDGE

CAUSE NO. 2015CI16814

| | | |
|---|---|---|
| XENEX DISINFECTION SERVICES LLC,<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| | §<br>§ | 438TH JUDICIAL DISTRICT |
| v. | §<br>§<br>§ | |
| TRU-D SMARTUVC, LLC,<br>*Defendant.* | §<br>§ | BEXAR COUNTY, TEXAS |

## CERTIFICATE OF NOTICE

I certify that to the best of Plaintiff's and Plaintiff's counsel's knowledge, Defendant is not represented by Texas counsel in this matter. Immediately after filing Plaintiff's Original Petition And Application For Temporary Restraining Order And Temporary Injunction, I emailed a courtesy copy of the document to Defendant via the contact identified on its website and advised her of Plaintiff's intent to seek a Temporary Restraining Order in Bexar County District Court on the afternoon of October 5, 2015, and requested that Defendant contact me if it wishes to participate in the hearing.

J. BRUCE SCRAFFORD